BARKDULL, Judge,
dissenting.
I respectfully dissent. Appellant Lennar Homes, Inc., (hereinafter Lennar), was own *242 er and contractor of a parcel of land under residential development. Lennar entered into a contract with Blanchett & Sons, Inc. (hereinafter Blanchett) under which Blan-chett would construct the roofs on the houses in this development. A provision in the contract required Blanchett to maintain worker’s compensation insurance on all of its employees. Blanchett then contracted with Villager Enterprises, Inc. (hereinafter Villager) to assist them in the completion of the roofs for the Lennar project. It is undisputed that Villager would carry worker’s compensation coverage on all of it’s employees.
Mr. Silvino Bias was severely injured while working on a roof at the project. Bias made a claim for worker’s compensation, but Aet-na, Villager’s carrier, controverted the claim stating that Mr. Bias was not an employee. Aetna sent a letter to this affect both to Bias and Villager. After receipt of Aetna’s letter, Villager made no attempt to inform Aetna of Bias’ employment. Bias thereafter voluntarily dismissed his claim for worker’s compensation and in reliance upon the statement made by Aetna, brought a negligence action against Lennar.
After Bias filed suit against Lennar for negligence, Lennar filed a third party complaint for indemnification and contribution against Blanchett and Villager. Blanchett also filed a cross claim against Villager. Pri- or to trial, Lennar and Blanchett paid Bias $600,000 as complete compensation for damages and Bias signed a general release as to all defendants. Lennar and Blanchett then proceeded against Villager for contribution. Although Villager allowed Aetna to controvert Bias’ claim previously, it asserted in the trial court that Bias was an employee of Villager and that Bias’ sole remedy was in worker’s compensation, that Lennar and Blanchett’s payment to Bias was a gift, and they should not be entitled to contribution. A bench trial was held and a final judgment and cost judgment were entered in favor of Villager. Lennar and Blanchett thereafter filed this appeal.
Villager’s compensated agent made a representation in a quasi-judicial proceeding that Bias was not an employee of Villager at the time of the injury. Because of this representation the injured party, and others, took certain actions. If, in fact, Bias was not an employee, then Villager as a sub-subcontractor is liable to the owner-contractor, and subcontractor, by contract, for failure to secure workman's compensation coverage in the first instance. If, in fact, Bias was an employee, then Villager should be liable for contribution to Lennar and Blanchett, and it may be entitled to recover any such contribution from its compensated agent for a false representation.
I would reverse.